Matthew Archer

v.

Glenn D. Fink

February 7, 2002

Case No. (Law) 98-188

BY JUDGE EDWARD L. HOGSHIRE

This letter opinion addresses Plaintiff's motion for reconsideration of the Court's ruling that Va. Code § 18.2-266's definition of "motor vehicle" applies to Va. Code § 18.2-272. Plaintiff alleges that Defendant erroneously charged him with a violation of Va. Code § 46.2-301. Nonetheless, the parties stipulated that, if Defendant had probable cause to arrest Plaintiff under Va. Code § 18.2-272, then the malicious prosecution claim was without merit. Upon further consideration of the issue, this Court finds that a moped is not classified as a motor vehicle under Va. Code § 18.2-272. The motion to reconsider is therefore granted. The Court's reasoning follows herein below.

The threshold question presented is whether Va. Code § 18.2-266's definition of "motor vehicle" applies to Va. Code § 18.2-272. Va. Code § 18.2-266 reads:

> For the purposes of this *section*, the term "motor vehicle" includes mopeds, while operated on the public highways of this Commonwealth.

(Emphasis added.)

As can be seen from the Virginia Code's table of contents, a section is each individual code entry. The relationship between Va. Code § 18.2-266 and § 18.2-272 is that they are each sections which appear in the same article, chapter, and title. Thus, the use of the term "section" indicates that Va. Code § 18.2-266's definition of "motor vehicle" is applicable only to itself. If the

General Assembly intended to have it apply to Va. Code § 18.2-272, it would have written "for the purpose of this article."

The above analysis demonstrating that Va. Code § 18.2-266's definition does not apply, what is the correct definition of "motor vehicle" as it is used in Va. Code § 18.2-272? An examination of Va. Code § 18.2-6 (*"Meaning of certain terms"*) is helpful. It states:

> As used in this *title* … The words "motor vehicle," "semitrailer," "trailer" and "vehicle" shall have the respective meanings assigned to them by § 46.2-100.

(Emphasis added.) Here, "title" refers to everything in everything in Title 18.2, including Va. Code § 18.2-272.[1] Thus, the definition ascribed to "motor vehicle" by Va. Code § 46.2-100 applies to Va. Code § 18.2-272. Va. Code § 46.2-100 reads:

> "Motor vehicle" means every vehicle as defined in this section that is self-propelled or designed for self-propulsion except as otherwise provided in this title. … [A]ny device herein defined as a bicycle, electric power-assisted bicycle, or *moped shall be deemed not to be a motor vehicle.*

(Emphasis added.) Therefore, a "moped" is not a "motor vehicle" under Va. Code §18.2-272.

### Application

The parties agreed that if Defendant had probable cause to arrest Plaintiff under Va. Code § 18.2-272, then the malicious prosecution claim is without merit. Va. Code § 18.2-272 reads:

> If any person so convicted shall, during the time for which he is deprived of his right so to do, drive or operate any motor vehicle, engine, or train in this Commonwealth, he shall be guilty of a Class 1 misdemeanor.

---

[1]   Va. Code § 18.2-266 is also within Title 18.2 but because its terms are "otherwise specified," Va. Code § 18.2-266's terms are not dictated by Va. Code § 46.2-100.

Because a moped is not considered a motor vehicle under Va. Code § 18.2-272, Defendant was not in violation of it. However, given the relative complexity of this legal issue, the Court finds that a reasonable law enforcement officer could have held the belief that a person operating a moped under facts similar to those in this case was in violation of § 18.2-272. Given the Court's ruling in this regard, I am requesting that counsel contact Ms. Young to schedule a pretrial conference as soon as practicable.